```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

**EMO ENERGY SOLUTIONS, LLC**                               CIVIL ACTION

**versus**                                                  No. 08-4365

**ACRE CONSULTANTS, LLC, et al.**                           SECTION: "I"/1

ORDER

Before the Court is a motion to confirm arbitration award filed by EMO Energy Solutions, LLC ("EMO"). For the following reasons, the motion is **GRANTED** without opposition.

BACKGROUND

EMO filed a petition to confirm arbitration award in this Court on September 11, 2008, alleging that EMO and Acre Consultants, LLC ("Acre") executed a subcontract agreement that provided for arbitration of all disputes arising out of the agreement.[1] Pursuant to the agreement, EMO submitted a demand for arbitration on October 19, 2007, with the American Arbitration Association in connection with a dispute between EMO and Acre as to payments owed to EMO under the contract.[2]

On February 21, 2008, the arbitrator conducted a hearing, at which time EMO offered exhibits and testimony of two

---

[1] Rec. Doc. No. 1, para. I-III. Emo also named Ashley Manor, LLC in the petition on the basis that Acre has changed its name and is currently doing business as Ashley Manor, LLC. *Id.* at para. X; Rec. Doc. No. 1-3, p. 12.

[2] Rec. Doc. No. 1, para. IV-V; Rec. Doc. No. 6-5, p. 13.

witnesses.[3] Acre failed to appear at the hearing.[4] On March 12, 2008, the arbitrator signed an award in favor EMO for a total of $185,655.29, including $176,979.94 as payments due to EMO for services rendered and $7,000.35 in legal fees.[5] The American Arbitration Association transmitted the award to the parties by email on March 13, 2008.[6]

On October 28, 2008 EMO filed this motion to confirm arbitration award. Defendants have not filed a response.

## **LAW AND ANALYSIS**

The Federal Arbitration Act provides United States district courts with jurisdiction to confirm arbitration awards if any party to the arbitration applies for an order to confirm. 9 U.S.C. § 9.[7] By its language, the statute appears to apply only when parties to an arbitration agreement "have agreed that a judgment of the court

---

[3] Rec. Doc. No. 1, para. V; Rec. Doc. No. 1-3, p. 9.

[4] *Id.* Attached to EMO's motion are two letters regarding its arbitration demand that it sent in October, 2007, to two different individuals registered as agents for Acre. Rec. Doc. No. 6-5, pp. 9-12.

[5] *Id.* at p. 10.

[6] Rec. Doc. No. 6-5, p. 16.

[7] 9 U.S.C. 9 states:

If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

shall be entered." However, the United States Court of Appeals for the Fifth Circuit has held that when parties agree to submit to the rules of the American Arbitration Association, they consent to a federal court's jurisdiction to enforce the arbitration award. *McKee v. Home Buyers Warranty Corp.*, 45 F.3d 981, 983 (5th Cir. 1995) ("Consequently, all parties are on notice that resort to AAA arbitration will be deemed both binding and subject to the entry of judgment unless the parties expressly agree otherwise.")

The subcontract agreement signed by EMO and Acre requires that the parties settle all disputes arising out of the subcontract by arbitration "in accordance with the Construction Industry Rules of the American Arbitration Association...unless the Contractor elects to arbitrate the dispute by other means."[8] Rule 49(c) of the American Arbitration Association's Construction Industry Rules provides that "[p]arties to these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." In light of the subcontract's arbitration clause and the fact that the award was issued by the American Arbitration Association's office in New Orleans, Louisiana without any objection by Acre, this Court has jurisdiction to confirm the arbitration.

"[T]he district court's review of an arbitration award is extraordinarily narrow." *Prestige Ford v. Ford Dealer Computer Servs., Inc.,* 324 F.3d 391, 393 (5th Cir. 2000) (quoting *Gateway*

---

[8] Rec. Doc. No. 6-5, p. 5, para. 14.

*Technologies Inc. v. MCI Telecommuns. Corp.*, 64 F.3d 993, 996 (5th Cir. 1995)); Antwine *v. Prudential Bache Secs., Inc.*, 899 F.2d 410, 413 (5th Cir. 1990) ("[T]his Court should defer to the arbitrator's decision when possible.").

The district court may modify, vacate, or correct the award on a party's motion served within three months of the filing or delivery of an arbitration award. 9 U.S.C. § 12.[9] Acre has neither opposed this motion nor timely moved to vacate, modify, or correct the award.

Accordingly,

**IT IS ORDERED** that the motion to confirm the arbitration award is **GRANTED.**

**IT IS FURTHER ORDERED** that the arbitration award signed on March 12, 2008 and transmitted to the parties on March 13, 2008 in favor of EMO for $185,655.29 and against Acre is made the judgment of this Court.

New Orleans, Louisiana, November ___25th___, 2008

*[signature]*

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[9]The grounds to vacate an arbitration award are limited. Under the FAA, the district court may vacate the award (1)if the award was procured by corruption, (2)based upon evidence of partiality or corruption of the arbitrators, (3) if the arbitrators were guilty of misconduct that prejudiced the rights of a party, and (4) if the arbitrators exceeded their powers. 9 U.S.C. § 10. The Fifth Circuit also holds vacatur of an arbitration award is appropriate if an award is in manifest disregard of the law or contrary to public policy. *Kergosien v. Ocean Energy, Inc.*, 390 f.3d 346, 353 (5th Cir. 2004).